# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-10150
Summary Calendar

DONALD DAVIS

Plaintiff-Appellant

v.

JACK LYNCH, ET AL.

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Davis, an inmate, filed this suit under 18 U.S.C. § 1983 seeking monetary relief. Davis, while released on parole for a two year sentence, was arrested and charged with a new offense of manufacture and delivery of a controlled substance. He was subsequently arraigned on a parole-violation warrant. Davis alleges that because of this he was unable to post bond and be released pending the resolution of the new controlled-substance charge. Davis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed a state writ of habeas corpus challenging the failure to timely provide a preliminary hearing. The state court granted relief by directing the Texas Department of Justice, Parole Division, to give him a preliminary hearing within 30 days.

Davis contends that the delay in providing him a hearing effectively extended his parole beyond the discharge date for his original conviction. The district court dismissed his suit on the grounds that he had not met the requirements established in *Heck v. Humphrey*.[1] There the court stated that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[2] Here the state court's ruling did not invalidate the imprisonment. Davis has not therefore met the *Heck* prerequisite for his § 1983 claim.

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[1] 512 U.S. 477 (1994).

[2] *Id.* at 486-87.